UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11380 PA (RAOx) | Date | January 5, 2021 |
|---|---|---|---|
| Title | A. N. et al v. Target Corporation et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Gabby Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

On December 21, 2020, the Court provisionally remanded this action because the Notice of Removal is procedurally defective. (Dkt. 9.) It appeared that Defendant Pacific Cycle, Inc. had not obtained the consent of co-defendant Target Corporation for the removal, nor had Target joined in the removal. (Dkt. 1 ("Notice") at 1 ("Defendant PACIFIC CYCLE, INC. ("Defendant Pacific Cycle"), by and through its counsel, hereby removes the above entitled action filed by Plaintiffs").) Therefore, the Court remanded this action to Los Angeles Superior Court, Case No. 20STCV35920, for failure to comply with the removal requirements of 28 U.S.C. § 1446. The Court stayed the remand until January 4, 2021 to afford Plaintiff an opportunity to waive the procedural defect. As of today's date, Plaintiff has not filed a Notice of Waiver of Procedural Defects, or any other response to the Court's December 21st Order.

On December 22, 2020, Target filed a "Declaration of Martin D. Holly in Support of Removal to Federal Court." (Dkt. 10 (hereinafter "Consent to Removal").) Holly represents Target in this action, and declares that Target consents to the removal. (Id. at ¶4.) Holly also notes that he spoke with Pacific Cycle's counsel on December 3, 2020 regarding the removal. (Id. at ¶2.) At that time, Holly informed Pacific Cycle's counsel that "Target did not object to the removal and, in fact, supported it." (Id.) For the reasons discussed below, Target's Consent to Removal is untimely and therefore cannot cure the procedural defect in the Notice of Removal.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11380 PA (RAOx) | Date | January 5, 2021 |
|---|---|---|---|
| Title | A. N. et al v. Target Corporation et al. | | |

   In a multi-defendant action, a later-served defendant has a right of removal separate from that of an earlier-served defendant. See 28 U.S.C. § 1446(b)(2). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. §1446(b)(2)(c). All proper defendants in an action must join or consent to a notice of removal. See 28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal."). A defendant may join in or consent to the removal within the notice of removal or in a separate document reflecting joinder or consent. See Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266.

   The Court concluded that the Notice of Removal is procedurally defective because Target, the non-removing defendant, had not consented or joined. Pacific Cycle failed to adequately explain Target's absence, or any reason why Target's joinder was not necessary. Thus, the issue before the Court is whether Target's Consent to Removal was sufficient to timely cure the procedural defect in the Notice of Removal. The Court finds Palmeira v. CIT Bank, N.A. is instructive here. See 2017 U.S. Dist. LEXIS 176246, at *8-17 (D. Haw. Oct. 24, 2017). In Palmeira, the Notice of Removal was silent as to the absence of the mortgagee defendants, and the Notice was not amended before the expiration of the statutory 30-day period for removing the case. The court found the Notice was procedurally defective. Id. The mortgagee defendants filed their Consent and Joinder 17 days after the Notice of Removal was filed and 34 days after defendant Colridge was served with the amended complaint. Id. The court concluded that this did not timely cure the procedural defect, and therefore remanded the action to state court. Id. The Palmeira court reasoned that lack of consent is a defect which must be cured within the 30-day removal period because (1) the defendant has the burden of establishing removal is proper, (2) the consent of earlier-served co-defendants is required for removal, and (3) defects in removal requirements must be cured within the 30-day period for removal, or removal is improper. Id. at *15.

   In addition, the Palmeira court recognized that Congress did not intend for the removal statute to "allow an indefinite period for removal." Id. at *10 (citing H.R. Rep. No. 112-10, at 14 (2011)); see also Chakra 5, Inc. v. City of Miami Beach, 968 F. Supp. 2d 1210, 1214 (S.D. Fla. 2013) (quoting H.R. Rep. No. 112-10 and rejecting argument that there is no deadline for consent); Lewis v. HSBC Bank USA, N.A., 2017 U.S. Dist. LEXIS 136843, at *7 (D. Haw. Aug. 25, 2017) (Section 1446(b)(2)(C) "does not provide an open-ended opportunity to consent to removal at any time during the course of a case."), adopted by 2017 U.S. Dist. LEXIS 147310 (D. Haw. Sept. 12, 2017). Rather, Congress intended to "provide[] for equal treatment of all defendants in their ability to obtain Federal jurisdiction over the case against them without undermining the Federal interest in ensuring that defendants act with reasonable promptness in invoking Federal jurisdiction." Palmeira, 2017 U.S. Dist. LEXIS 176246, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11380 PA (RAOx) | Date | January 5, 2021 |
|---|---|---|---|
| Title | A. N. et al v. Target Corporation et al. | | |

*10-11 (quoting H.R. Rep. No. 112-10, at 14).  Thus, "[r]equiring a later-served defendant to obtain consent within 30 days is not an unfair burden."  Id. at *16.

      Other courts have similarly held that defendants must consent to removal within the 30-day removal period of the last-served defendant.  See, e.g., Sotelo v. Browning-Ferris Indus. of Cal., Inc., 2020 U.S. Dist. LEXIS 224665, at *10-11 (C.D. Cal. Nov. 30, 2020) ("Here, Piste, the last-served defendant, filed a joinder to Defendants' notice of removal on September 8, 2020.  This was outside the 30-day removal period, which began running when Piste was served on July 6, 2020.  Thus, because the notice of removal was procedurally defective and the attempt to cure the defect was untimely, the requirements for removal were not met and remand is proper.") (citations omitted); Zambrano v. New Mexico Corr. Dep't, 256 F. Supp. 3d 1179, 1186 (D.N.M. June 1, 2017) ("The Court finds unanimous consent was required by April 26, 2017, which was thirty days after the last Defendants were served.  Defendant Hohman did not consent to removal until two days after this thirty-day window . . . Defendant Hohman did not timely give consent to removal and, therefore, removal is procedurally defective."); Lopez v. Michael Weinig, Inc., 2020 U.S. Dist. LEXIS 128501 (C.D. Cal. July 17, 2020) (collecting cases).

      The Court finds that Target's Consent to Removal does not timely cure the procedural defect in the Notice of Removal.  Target filed the declaration consenting to removal on December 22, 2020.  Target was served with the Summons and Complaint on November 13, 2020, and Pacific Cycle was served on November 17, 2020.  (Removal ¶¶2-3, ¶5 ("[N]o other Defendant has been named or served with any summons or complaint in the State Action.").)  Thus, the Consent to Removal was filed well outside the 30-day removal period that began running when the last defendant was served with the Summons and Complaint.  For these reasons, the Court concludes that the Notice of Removal is procedurally defective and Defendants' attempt to cure the defect was untimely.  See 28 U.S.C. § 1446(a); Prize Frize, 167 F.3d at 1266.  Accordingly, this action is remanded to Los Angeles Superior Court, Case No. 20STCV35920, for failure to comply with the removal requirements of 28 U.S.C. § 1446.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.